United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40649
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN HERNANDEZ-VALDEZ, also known as Fermin Aguirre-Virgil,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2515
--------------------

Before REAVLEY, BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:*

Martin Hernandez-Valdez (Hernandez) appeals the 37-month
sentence imposed following his guilty plea conviction for illegal
reentry.  Hernandez argues that this court's practice of
affording a presumption of reasonableness to a sentence imposed
within a properly calculated guidelines range violates United
States v. Booker, 543 U.S. 220 (2005).  He properly concedes that
this argument is foreclosed, but he raises the issue to preserve
it for further review.  He further argues that the sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed was unreasonable because the district court failed to explicitly address the sentencing factors set forth in 18 U.S.C. § 3553(a) in light of the mitigating evidence he presented. Hernandez also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that his sentence exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326 offense charged in his indictment.

The record reflects that the district court implicitly considered the factors set forth in § 3553(a) when it determined that a 37-month term of imprisonment was a fair and reasonable sentence in Hernandez's case. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005); see also United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Hernandez has not shown that this sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing. See Mares, 402 F.3d at 519.

Hernandez's challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Hernandez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Hernandez properly concedes that his argument is foreclosed in light of

<u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.